UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REATH BELLAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT B. KAHN, as Trustee of the Robert B. Kahn Revocable Trust, and WESTSTAR LOAN SERVICING,<br><br>　　　　　Defendants. | Case No. 2:25-cv-00071-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Petition for Injunctive Relief and Bill of Equity. ECF Nos. 1, 1-1. The IFP application is complete and granted. The Petition fails to establish a basis for an exercise of subject matter jurisdiction in federal court. Plaintiff also fails to plead a cognizable claim. Therefore, Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

**I.   Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fails to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th

1  Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in
2  the complaint as true, and the court construes them in the light most favorable to the plaintiff.
3  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

4    Allegations of a pro se complainant are held to less stringent standards than pleadings drafted
5  by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does
6  not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions.
7  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a
8  cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying
9  pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the
10 assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can
11 provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When
12 there are well-pleaded factual allegations, a court should assume their veracity and then determine
13 whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint
14 states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to
15 draw on its judicial experience and common sense." *Id*.

16   Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack
17 an arguable basis either in law or in fact. This includes claims based on legal conclusions that are
18 untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a
19 legal interest which clearly does not exist), as well as claims based on fanciful factual allegations
20 (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989);
21 *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

22 **II.   Discussion**

23    A.   <u>Plaintiff Fails to Plead Facts Establishing Jurisdiction</u>.

24   Plaintiff's Complaint identifies two Defendants in this action both of which are stated to be
25 located in Las Vegas, Nevada. ECF No. 1-1 at 2. Plaintiff does not identify where the entities or
26 individuals sued are domiciled or, for Weststar, its principal place of business.

27   The Court has a duty to ensure it has subject matter jurisdiction over a dispute on which it is
28 asked to act. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and

possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Federal district courts also have subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Plaintiff states no cause of action arising under federal law or the U.S. Constitution. *See* ECF No. 1-1 at 6. Thus, Plaintiff does not state a basis for the Court to exercise subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff also fails to state a basis for the Court to exercise diversity jurisdiction. Plaintiff and Defendant Robert B. Kahn, as Trustee of the Robert B. Kahn Revocable Trust, are identified as Clark County residents. Plaintiff pleads nothing suggesting either

is a citizen of a state other than the State of Nevada. Plaintiff also does not plead $75,000 in controversy. For this reason, Plaintiff does not plead a basis for the Court to exercise jurisdiction based on diversity.

### B. Plaintiff Does Identify a Cognizable Claim.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Plaintiff's allegations fails to identify a cause of action and, while the allegations are sufficiently understood, the Court cannot discern what claim or claims it is Plaintiff seeks to assert. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted). Plaintiff alleges legal claims including an entitlement to relief in equity and one based on estoppel. ECF No. 1-1 at 6. These statements do not put Defendants on notice of the claims against them as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020). *See also Balestra-Leigh v. Balestra,* Case No. 3:09-cv-551-ECR-RAM, 2010 WL 3025202 (D. Nev. 2010 July 30, 2010) (estoppel is not a cause of action); *Outlet Tile Center v. JPMorgan Chase & Co.*, Case No. CV 20-3603-GW-MAAx, 2020 WL 4258648, at *2 (C.D. Cal. Apr. 23, 2020) ("equitable relief … is not a cause of action at all—it is merely a form of remedy") (internal quote marks omitted).

### III. Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-10) is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to do so, he may file an amended complaint, on the Court's form, in which he clearly identifies a basis for the Court to exercise subject matter jurisdiction over the parties. The amended complaint must also state a cause of action, not theories under which damages may be awarded (remedies) such as equitable relief and injunction. The amended complaint must be complete in and of itself. This means Plaintiff must plead all facts and identify all claims against each defendant he seeks to sue. The amended complaint **must be filed no later than February 14, 2025**. Because Plaintiff appears to want to bring claims based on state law against Nevada residents, he may want to consider filing a complaint in the Eighth Judicial District Court for the State of Nevada, rather than federal, court.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff a copy of the instructions for filing a complaint in federal court and the Court's form complaint.

IT IS FURTHER ORDERED that failure to comply with the content and time requirements of this Order will result in a recommendation to dismiss this action in its entirety.

Dated this 24th day of January, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE