UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REATHA BELLAS,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT B. KAHN, as Trustee of the Robert B. Kahn Revocable Trust, and WESTSTAR LOAN SERVICING,<br><br>    Defendants. | Case No. 2:25-cv-00071-RFB-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

**I.    Introduction**

On January 8, 2025 Plaintiff filed her Complaint and an Application to Proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 1-1. On January 24, 2025, the Court granted Plaintiff's IFP application, but dismissed her Complaint without prejudice and with leave to amend. ECF No. 3 at 5. Plaintiff filed her Amended Complaint on January 30, 2025 (ECF No. 4), which the Court now screens.

**II.    Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen her Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fails to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint

1

that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Discussion**

    A.   <u>Plaintiff Fails to State a Claim Upon Which Relief May be Granted.</u>

Plaintiff's Amended Complaint seeks relief based on alleged violations of the Truth in Lending Act and the Dodd-Frank Act. ECF No. 4 at 7-8. Plaintiff names Westar Loan Servicing and Robert B. Kahn, as trustee of the Robert B. Kahn revocable trust, as defendants. Although Plaintiff identifies these Defendants, she fails to allege facts that explain in what way each Defendant

engaged in wrongdoing under the causes of action identified. *Id*. Said simply, Plaintiff alleges no facts the Court can discern that allows even a reasonable inference to be drawn demonstrating a violation of law. Instead, Plaintiff alleges, vaguely, only that there were issues regarding the payment of loans. *Id*. Other than this allegation, the Court would be speculating regarding the basis for Plaintiff's claims.

Plaintiff's labels and conclusions do not support a claim. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). When a *pro se* plaintiff's allegations are liberally construed, the plaintiff must still state sufficient facts to establish a plausible claim. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). In sum, a review of Plaintiff's Amended Complaint shows she asserts nothing that reasonably puts Defendants on notice of the wrongdoing in which they allegedly engaged and, therefore, deprives Defendants of a meaningful ability to defend against the claims made. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020). Under these circumstances, alone, Plaintiff's Amended Complaint should be dismissed.

    B. <u>Because Plaintiff Fails to State a Claim, She Does not Establish a Basis for the Exercise of Subject Matter Jurisdiction</u>.

The Court has a duty to ensure that it has subject matter jurisdiction over a dispute on which it is asked to act. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th

3

1  Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the
2  Court lacks subject matter-jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

3  Federal district courts "have original [subject matter] jurisdiction of all civil actions arising
4  under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under"
5  federal law either when federal law creates the cause of action or where the vindication of a right
6  under state law necessarily turns on the construction of federal law. *Republican Party of Guam v.*
7  *Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal question jurisdiction exists is
8  based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only
9  when a federal question is presented on the face of the plaintiff's properly pleaded complaint."
10 *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11 Federal district courts also have subject matter jurisdiction over civil actions in diversity
12 cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter
13 is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete
14 diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the
15 defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts
16 have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*,
17 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject matter jurisdiction *sua*
18 *sponte*, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R.
19 Civ. P. 12(h)(3).

20 Plaintiff alleges claims arising under the Administrative Procedure Act ("APA"), 28 U.S.C.
21 § 1331, § 1343, § 1367, § 2201, § 2202, and 42 U.S.C. § 1983. The APA provides as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

26 5 U.S.C. § 702. However, the APA does not provide an independent basis for jurisdiction,
27 *Assiniboine and Sioux Tribes of Fort Peck Indian Res. v. Bd. of Oil and Gas Conservation*, 792 F.2d
28 782, 793 (9th Cir. 1986) (citing *Califano v. Sanders*, 430 U.S. 99 (1977)); rather it waives sovereign

4

immunity in non-monetary relief claims brought under federal question statutes 28 U.S.C. §§ 1331 and 1362. *Id.* Here, Plaintiff identified no agency action that caused her harm or otherwise adversely affected her arising from a relevant statute and, thus, does not state a basis for bringing a claim under the APA.

Plaintiff's citation of 28 U.S.C. §§ 1331 and 1343 define the bases for federal jurisdiction, but are not causes of action. 28 U.S.C. § 1367 defines supplemental jurisdiction, but does not create a basis to exercise jurisdiction in this case as no state law claim is asserted. 28 U.S.C. § 2201 is the federal Declaratory Judgment Act, which is a remedy that may apply in a variety of circumstance; however, Plaintiff states no claim and, therefore, no such relief may apply. Section 2202 only authorizes further relief based upon an action under § 2201. 42 U.S.C. § 1983 creates a vehicle through which a plaintiff may allege deprivation of rights under the U.S. Constitution. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Plaintiff alleges no constitutional harm and, therefore, states no claim under Section 1983. Finally, 18 U.S.C. § 1512 is a criminal statute that does not create a private right of action. *Rowland v. Prudential Fin., Inc.*, 362 Fed.Appx. 596, 596-97 (9th Cir. 2010) (dismissal of plaintiff's claims based on 18 U.S.C. §§ 1512 and 1513 are criminal statutes do not provide a private right of action).

Plaintiff's causes of action are titled to suggest violations of the Truth in Lending Act ("TILA" or the "Act") and the Dodd-Frank Act. ECF No. 4 at 7-8. Under 15 U.S.C. § 1639(p)(2), TILA generally "prohibits acts or practices in connection with mortgage loans that the [Consumer Financial Protection] Bureau finds to be unfair, deceptive, or designed to evade the provisions of" the Act and "refinancing of mortgage loans that the Bureau finds to be associated with abusive lending practices, or that are otherwise not in the interest of the borrower." While there are various ways to state a TILA claim,[1] Plaintiff asserts no facts that allows the Court to determine what she seeks based on an unfair or deceptive loan or the refinancing of a mortgage loan that would fall under the Act.

---

[1] For example, TILA recognizes a claim when a lender changes the interest rate on a land without the borrowers' knowledge or consent; a lender did not give an accurate APY calculation on the loan before it was completed; there are undisclosed hidden or illegal fees; or a lender does not permit the borrower to cancel or rescind the contract within the rescission period. Plaintiff is advised each of these claims has pleading requirements. Plaintiff may want to seek help from the Consumer Protection Bureau before bringing a new claim.

The Dodd-Frank Act, Plaintiff's second cause of action, does not provide Plaintiff with a general private right of action. Instead, the Act establishes whistleblower protection for individuals reporting violations of Sarbanes–Oxley Act. 15 U.S.C. § 78u–6(h)(1)(A)(iii). Plaintiff alleges nothing that would fall within the confines of this protection and, therefore, fails to state a claim.

## IV.    Order

IT IS HEREBY ORDERED that Plaintiff's Amended Complaint (ECF No. 4) is DISMISSED without prejudice solely as to her claim under the Truth in Lending Act.

IT IS FURTHER ORDERED that if Plaintiff so chooses, she may file a Second Amended Complaint no later than **March 12, 2025**. The Second Amended Complaint **must** be based solely on a violation of the Truth in Lending Act or other cause of action under which Plaintiff has a right to proceed. Plaintiff **must not** restate claims under the Administrative Procedures Act or 28 U.S.C. § 1331, § 1343, § 1367, § 2201, § 2202, and 42 U.S.C. § 1983.

Plaintiff's Second Amended Complaint **must** include **facts** explaining what each Defendant allegedly did—what actions or inaction each Defendant took or failed to take—that resulted in a violation of the Truth in Lending Act or other violation of law. The facts must be sufficient to explain why the actions were unfair, deceptive or designed to evade

## V.    Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims under the Administrative Procedures Act, 28 U.S.C. § 1331, § 1343, § 1367, § 2201, § 2202, and 42 U.S.C. § 1983 be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to state a claim for relief or fails to timely file a Second Amended Complaint, this matter be dismissed in its entirety.

Dated this 25th day of February, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

6

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).